UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HUMBERTO RAMIREZ-TORRES,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1169

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, originally filed in the United States District Court for the Eastern District of Michigan, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12.)

---

[1] The Eastern District of Michigan transferred this action to the Western Division of Michigan on April 7, 2026. (ECF No. 7.)

In an Order entered on March 18, 2026, the Eastern District Court directed Respondents to show cause, within twenty-one days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 2.) In response, on April 8, 2026, Respondents filed an answer and response to the § 2241 petition, (Resp., ECF No. 5.) That same day, this matter was transferred to this Court for further proceedings. (Apr. 8, 2026, Order, ECF No. 7.)

On April 13, 2026, Petitioner filed an amended § 2241 petition acknowledging that a bond hearing was held on February 2, 2026, but challenging the bond hearing as constitutionally inadequate. (Am. Pet., ECF No. 10, PageID.13.)[2] Accordingly, on April 15, 2026, the Court ordered Respondents to provide a transcript or recording of the February 2, 2026, bond hearing. (Apr. 15, 2026, Order, ECF No. 12.) Respondents filed a recording of the February 2, 2026, bond hearing on April 20, 2026 (Recording of February 2, 2026, Bond Hearing, filed on April 20, 2026, ECF No. 13.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States on or about September 23, 2023, without inspection near El Paso, Texas. (Am. Pet., ECF No. 10, PageID.7; Notice to Appear (NTA), ECF No. 5-2, PageID.45.) After Petitioner entered the United States, Department of Homeland (DHS) agents charged Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States

---

[2] The Court notes that the *pro se* Petitioner filed his April 13, 2026, amended § 2241 petition without first seeking leave of court. However, in deference to Petitioner's *pro se* status and in the interest of justice, the Court will accept the amended § 2241 petition (ECF No. 10) and will treat it as the operative petition in this case.

at any time or place other than as designated by the Attorney General." (NTA, ECF No. 5-2, PageID.45.) Petitioner was then released into the United States.

Petitioner was detained and taken into custody on November 3, 2025. (Pet., ECF No. 1, PageID.3.) Petitioner also filed an amended § 2241 petition acknowledging that a bond hearing was held on February 2, 2026, but challenges the bond hearing as constitutionally inadequate. (Am. Pet., ECF No. 10, PageID.13.) On January 20, 2026, Petitioner appeared before the Detroit Immigration Court. (Order of Removal, ECF No. 5-3, PageID.48.) The immigration court ordered Petitioner to be removed to Venezuela. (*Id.*) Petitioner appealed the decision to the Board of Immigration Appeals. (Interim Order, ECF No. 5-6, PageID.60.)

On February 2, 2026, the Detroit Immigration Court held a § 1226 bond hearing. (Order Immigration Judge, ECF No. 5-5, PageID.57.) In a written decision issued on February 2, 2026, the immigration judge found that Petitioner's request for a change in custody status is:

Denied, because[:]

Flight risk. Order of removal pending appeal.

(*Id.*)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.    Discussion**

In his amended § 2241 petition, Petitioner concedes the Immigration Court held a bond hearing for him on February 2, 2026. (Amend. Pet., ECF No. 10, PageID.13.) Here, Petitioner argues that the immigration judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on February 2, 2026. Specifically, Petitioner argues that the immigration judge failed to require the government to demonstrate flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the immigration judge applied a constitutionally deficient burden of proof. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

<u>Conclusion</u>

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        June 8, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

4